BERNARD V. FITZPATRICK, as Commissioner of Public Welfare of Albany County, Respondent, v. ROGER WESLEY, Appellant.— Appeal by the defendant from an order of filiation of the Children's Court, Albany County. The evidence is sufficient to sustain the finding that the defendant is the father of the child involved. Order unanimously affirmed, without costs. Present — Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ.

■

LEMUEL HANAMAN, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.— Appeal from a judgment of the Supreme Court, Albany County, entered on a verdict in favor of plaintiff. While using the telephone equipment of the defendant in August, 1947, plaintiff fell unconscious. A witness heard a loud snap or cracking noise. Deep indentations were observed in the diaphram of the telephone receiver at the site of the pole pieces of the electromagnet; the bakelite cap of the earpiece was discolored and some of the lacquer on the coated side of the diaphram was chipped off. A physician said plaintiff had suffered an electric shock. Defendant rested on plaintiff's proof. From this proof the plaintiff had established a case of negligence prima facie which would survive a motion for nonsuit and on which the jury could draw the inference of defendant's negligence. (*Manley* v. *New York Tel. Co.*, 277 App. Div. 601.) The court carefully and properly instructed the jury that the general burden remained with the plaintiff and that it could be met with the aid of the inference arising from the accident occurring in the course of the use of the defendant's telephone equipment. Proof of acts of defendant after the accident was admissible on the issue presented by the answer on control of the equipment. The ability of the defendant to respond to a subpœna to produce the equipment in use at the time of the accident was also germane to the inquiry on the question of control of the equipment at the time of injury. An expert was asked to assume that the condition of the wires and equipment leading into the house at the time he observed them in November, 1947, was substantially the same as at the time of the accident. The question assumed what defendant contended in response to the subpœna, that there had been no change. The plaintiff did not prove the exact cause of the accident; he proved merely that he sustained an electric shock while he used the equipment and that, from the opinion of the expert, the electricity came through the telephone equipment and from without the house. Defendant rested on this proof. It was therefore proper to allow the jury to draw an inference of negligence. The jury could find on the record that plaintiff sustained permanent damage to the brain and central nervous system and if it found that, could award substantial damage. We cannot say that the award of $75,000 exceeds all reasonable evaluation of the resulting physical consequences to plaintiff. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ. [See *post,* p. 986.]